UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 FEB 13 AM 9:29

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Docket No. **08 MJ 0413** |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Abel AGUILAR-Dominguez, ) | Deported Alien Found in the |
| ) | United States |
| Defendant ) | |

The undersigned complainant, being duly sworn, states:

On or about **February 12, 2008** within the Southern District of California, defendant, **Abel AGUILAR-Dominguez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 13th DAY OF **FEBRUARY 2008**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Abel AGUILAR-Dominguez

## PROBABLE CAUSE STATEMENT

On February 12, 2008, Border Patrol Agent D. Nguyen was performing line watch duties in an area known to agents as Whiskey 3 ½. This area is approximately one mile west of the San Ysidro Port of Entry and approximately 50 yards north of the United States/Mexico International Boundary. At approximately 3:15 A.M. Agent Nguyen observed three people climbing the secondary border fence.

Agent Nguyen approached the three people and identified himself as a United States Border Patrol Agent. Two of the three, including one later identified as the defendant **Abel AGUILAR-Dominguez**, ran. After a short foot pursuit, the defendant gave up to Agent Nguyen. All three admitted to being citizens and nationals of Mexico not in possession of documents that would permit them to legally enter or remain in the United States. At approximately 3:25 A.M. Agent Nguyen place the defendant and the other two aliens under arrest and had them transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed an immigration history. The defendant's record was determined by a comparison of his immigration record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **January 29, 2008** through **Calexico, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights and stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted to being a citizen and national of Mexico, and that he is present without immigration documents that would allow him to enter or remain in the United States legally.